KAREN P. HEWITT
United States Attorney
CINDY M. CIPRIANI
Assistant U.S. Attorney
California State Bar No. 144402
MEGAN CALLAN
Assistant U.S. Attorney
California State Bar No. 230329
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7120
Facsimile: (619) 557-5004
Email: Megan.Callan@usdoj.gov

Counsel for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATHAM & WATKINS,LLP,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant. | Case No. 07cv0245 DMS (LSP)<br><br>ANSWER TO COMPLAINT |

COMES NOW the Defendant, by and through its counsel, Karen P. Hewitt, United States Attorney, and Cindy Cipriani and Megan Callan, Assistant United States Attorneys, and in answer to the Plaintiff's Complaint ("Complaint"), set forth the following:

1. Answering Paragraph 1 of the Complaint, Defendant lacks sufficient information or belief upon which to state an answer to the allegations therein. To the extent an answer is required, said allegations are denied.

2. Answering Paragraph 2 of the Complaint, with respect to the first sentence, Defendant admits the allegation therein. With respect to the second sentence, Defendant admits that it has possession and control over the records that Plaintiff seeks to the extent that the records refer to those Defendant has identified it is withholding from production under FOIA exemptions in its letters to Plaintiff dated August 31, 2005 and January 16, 2007. See Plaintiff's Complaint at Exhibits 3, 6. Answering further,

Dockets.Justia.com

Defendant denies that Defendant has sole possession and control over the records Plaintiff seeks. To the extent further answer is required, the allegations are denied.

3. Answering Paragraph 3 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

4. Answering Paragraph 4 of the Complaint, Defendant lacks sufficient information or belief upon which to base an answer to whether Plaintiff resides within the jurisdiction of the Court and to the extent an answer is required, Defendant denies that allegation. Answering further, Defendant states that the allegations regarding venue are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

5. Answering Paragraph 5 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

6. Answering Paragraph 6 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

7. Answering Paragraph 7 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

8. Answering Paragraph 8 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

9. Answering Paragraph 9 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

//

//

10. Answering Paragraph 10 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

11. Answering Paragraph 11 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

12. Answering Paragraph 12 of the Complaint, Defendant states that two FOIA exemptions, 5 U.S.C. § 552(b)(5), the "deliberative process privilege," and 5 U.S.C. § 552(b)(7)(A), the "law enforcement privilege," precluded the production of certain documents to Plaintiff. To the extent any further answer is required, said allegations are denied.

13. Answering Paragraph 13 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

14. Answering Paragraph 14 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

15. Answering Paragraph 15 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

16. Answering Paragraph 16 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

17. Answering Paragraph 17 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

18. Answering Paragraph 18 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

19. Answering Paragraph 19 of the Complaint, Defendant admits that Plaintiff made a FOIA request to United States Environmental Protection Agency, Region 9 seeking (1) "All of EPA Chief Enforcement Officer and Asbestos NESHAP Coordinator Robert Trotter's documents, records, reports, files, e-mails, and notes related to alleged asbestos and asbestos containing materials at the "Encanto Site," located at 1350 San Altos Place, Lemon Grove, California (County of San Diego), including but not limited to, communications with the San Diego County Department of Environmental Health ("DEH"), the County of San Diego, the San Diego District Attorney's Office, the San Diego Air Pollution Control District ("APCD") and the California Air Resources Board ("CARB"); and (2) "All of EPA Chief Enforcement Officer and Asbestos NESHAP Coordinator Robert Trotter's documents, records, reports, files, e-mails, and notes related to NESHAP inspections on or about January 23, 2001 at the "Encanto Site" located at 1350 San Altos Place, Lemon Grove, California (County of San Diego), including but not limited to, communications with the San Diego County DEH, the County of San Diego, the San Diego District Attorney's Office, the San Diego APCD and CARB." See Plaintiff's Complaint, Ex. 2, p. 10. To the extent any further answer is required, the allegations are denied.

20. Answering Paragraph 20 of the Complaint, with respect to the first sentence, Defendant admits that on January 23, 2001 EPA Inspector Robert Trotter ("Trotter") inspected the asbestos removal operations conducted by Sempra Energy/SDG&E at 1350 San Altos Place, Lemon Grove, California (County of San Diego) ("the Encanto site") and that Trotter's inspection was conducted at the request of the San Diego APCD. In all other respects, Defendant denies the allegations therein. With respect to the second sentence, Defendant admits that Trotter observed the site and expressed opinions about the asbestos removal operations conducted by Sempra Engergy/SDG&E at the Encanto site. In all other respects, Defendant denies the allegations therein. With respect to the third sentence, Defendant states that Trotter made a written statement signed on November 19, 2003 in which he expressed his opinions about the material coating the pipes at the Encanto site and expressed his opinion about how the pipe coating material was rendered a regulated asbestos containing material ("RACM") as a result of Sempra Energy/SDG&E treatment of the pipe and pipe coating material. In all other respects, Defendant denies the allegations therein. With respect to the fourth sentence, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and

for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

21. Answering Paragraph 21 of the Complaint, with respect to the first sentence, Defendant lacks sufficient information or belief upon which to state an answer to the allegations. To the extent an answer is required, said allegations are denied. With respect to the second sentence, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

22. Answering Paragraph 22 of the Complaint, Defendant states that Trotter made a written statement signed on November 19, 2003 that was provided to SDG&E. Answering further, Defendant admits that Trotter's November 19, 2003 written statement explains that the "work practice violations I observed by Sempra and IT Corporation at the Encanto site are the worst I have seen in my experience with Asbestos removal." See Plaintiff's Complaint at Ex. 1, ¶ 25. With respect to the second through fourth sentences, Defendant lacks sufficient information or belief upon which to answer the allegations therein. To the extent an answer is required, said allegations are denied. Answering further, Defendant states Defendant provided a copy of Trotter's November 19, 2003 written statement to Plaintiff. With respect to the fifth sentence, Defendant lacks sufficient information or belief upon which to answer the allegations therein. To the extent an answer is required, said allegations are denied. With respect to the sixth sentence, Defendant admits the allegations therein. With respect to the seventh sentence, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

23. Answering Paragraph 23 of the Complaint, with respect to the first sentence, Defendant admits that Trotter and agents of the County of San Diego engaged in written communications regarding Trotter's inspection of the Encanto site following the inspection. In all other respects, Defendant denies the allegations therein. With respect to the second sentence, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

24. Answering Paragraph 24 of the Complaint, Defendant denies the allegations therein.

25. Answering Paragraph 25 of the Complaint, with respect to the first sentence, Defendant denies the allegations therein. Answering further, Defendant states that a criminal matter is ongoing before United States District Court Judge Dana M. Sabraw, 06cr0065-DMS, filed by the United States Attorney's Office for the Southern District of California on January 11, 2006 relating to the Encanto site. With respect to the second sentence, Defendant lacks sufficient information or belief upon which to answer. To the extent an answer is required, Defendant denies the allegations therein.

26. Answering Paragraph 26 of the Complaint, Defendant lacks sufficient information or belief upon which to answer. To the extent an answer is required, Defendant denies the allegations therein.

27. Answering Paragraph 27 of the Complaint, with respect to the first sentence, Defendant states that a criminal matter is ongoing before United States District Court Judge Dana M. Sabraw, 06cr0065-DMS, filed by the United States Attorney's Office for the Southern District of California on January 11, 2006 relating to the Encanto site. In all other respects, Defendant denies the allegations therein. With respect to the second sentence, Defendant lacks sufficient information or belief upon which to base an answer to the allegations therein. To the extent an answer is required, said allegations are denied. With respect to the third and fourth sentences, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

28. Answering Paragraph 28 of the Complaint, with respect to the first sentence, Defendant denies the allegations therein. With respect to the second sentence, Defendant lacks sufficient information or belief upon which to base an answer to the allegations therein. To the extent an answer is required, said allegations are denied. With respect to the third sentence, Defendant admits that Plaintiff made a FOIA request to United States Environmental Protection Agency, Region 9, and that the request is reproduced herein at Paragraphs 19-20. In all other respects, the allegations are denied.

29. Answering Paragraph 29 of the Complaint, Defendant denies the allegations therein.

30. Answering Paragraph 30 of the Complaint, with respect to the first sentence, Defendant denies the allegations therein with the exception that Defendant admits that on August 31, 2005 Defendant granted in part and denied in part Plaintiff's FOIA request. Answering further, Defendant

states that Defendant requested an extension of time in which to locate and produce documents responsive to Plaintiff's FOIA request. Defendant produced the responsive documents in accordance with FOIA and withheld certain documents in accordance with FOIA exemptions, 5 U.S.C. §§ 552(b)(5), (7)(A). With respect to the second sentence, Defendant admits the allegations therein.

31. Answering Paragraph 31 of the Complaint, with respect to the first sentence, Defendant lacks sufficient information or belief upon which to answer the allegation that Plaintiff already possessed certain exhibits. Answering further, Defendant states that in its August 31, 2005 FOIA response, Defendant withheld eleven (11) documents because the documents are exempt from disclosure under FOIA, 5 U.S.C. §§ 552(b)(5), (7)(A). With respect to the second through fourth sentences labeled (a)-(c), Defendant states that a complete list of the documents withheld from production and the FOIA exemption authorizing the withholding is set forth in the list attached to Defendant's letter of August 31, 2005. To the extent any further answer is required, said allegations are denied.

32. Answering Paragraph 32 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. Answering further, Defendant states that Plaintiff appealed Defendant's partial denial of Plaintiff's FOIA request on September 16, 2005. To the extent any further answer is required, said allegations are denied.

33. Answering Paragraph 33 of the Complaint, with respect to the first sentence Defendant states that it responded to Plaintiff's September 16, 2005 appeal on January 16, 2007. Answering further Defendant denies that its response was untimely. With respect to the second sentence, Defendant admits the allegations therein.

34. Answering Paragraph 34 of the Complaint, with respect to the first sentence Defendant denies the allegations therein. Answering further, Defendant states that in its response to Plaintiff's appeal, Defendant provided supplemental material, reasonably segregable information that could be produced consistent with FOIA's requirements. With respect to the second sentence, Defendant denies the allegations therein. Answering further, Defendant states that its January 16, 2007 response to Plaintiff's appeal speaks for itself.

35. Answering Paragraph 35 of the Complaint, Defendant denies the allegations therein.

36. Answering Paragraph 36 of the Complaint, Defendant states that no answer is required to this allegation. To the extent an answer is required, said allegations are denied.

37. Answering Paragraph 37 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

38. Answering Paragraph 38 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

39. Answering Paragraph 39 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

40. Answering Paragraph 40 of the Complaint, Defendant denies the allegations therein.

41. Answering Paragraph 41 of the Complaint, Defendant denies the allegations therein.

42. Answering Paragraph 42 of the Complaint, Defendant denies the allegations therein.

43. Answering Paragraph 43 of the Complaint, Defendant denies the allegations therein.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

All allegations not here before specifically admitted, denied, or modified are hereby denied. For further and separate answer, Defendant United States Environmental Protection Agency alleges as follows:

1. The Court lacks jurisdiction over the subject matter of this action.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. At all times alleged in the Complaint, Defendant acted with good faith, with justification, and pursuant to authority.

4. Defendant properly withheld documents of which Plaintiff's Complaint seeks production under FOIA, 5 U.S.C. §§ 552(b)(5), (7)(A).

//

//

//

Wherefore, Defendant prays that Plaintiff take nothing by its Complaint, that judgment be rendered in favor of Defendant, for costs of suit included herein, and for all other relief that the Court deems proper.

DATED: April 23, 2007

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

CINDY M. CIPRIANI
Assistant U.S. Attorney
Deputy Chief, Civil Division

s/ Megan Callan

MEGAN CALLAN
Assistant U.S. Attorney
Attorneys for Defendant
Email: Megan.Callan@usdoj.gov